*Inhabitants of* CAMDEN *vs. Inhabitants of* LINCOLN-VILLE.

Where one town furnishes supplies to a pauper having a legal settlement in another town, the cause of action accrues at the time of the delivery of the notice that the expenses had been thus incurred, and the statute limitation of two years within which the action must be commenced begins at that time.

ASSUMPSIT for relief furnished to one *Samuel Calef*, alleged to have had at the time a settlement in *Lincolnville*. Notice was given by the plaintiffs to the defendants, *Nov.* 20, 1833. The relief was furnished from *Oct.* 19 to *Nov.* 30, 1833. And the suit was commenced *Nov.* 4, 1835. The general issue only was pleaded. The verdict was for the plaintiffs for the whole amount; and it was agreed, that if the Court should be of opinion that any part of the sum was legally barred by the limitation of two years, the verdict should be amended by deducting the amount so barred.

*W. G. Crosby,* for the defendants, contended, that the plaintiffs could not recover any thing where the cause of action had accrued more than two years before the bringing of the suit, and that the cause of action did accrue to the plaintiffs whenever and so often as supplies were furnished. Nothing can be recovered before *Nov.* 4, 1833, and the verdict should be amended accordingly. *Stat.* 1821, *c.* 122, *sec.* 11; *Sudbury* v. *East Sudbury,* 12 *Pick.* 1; *Readfield* v. *Dresden,* 12 *Mass. R.* 317; *Needham* v. *Newton, ib.* 452; *Harwich* v. *Hallowell,* 14 *Mass. R.* 184.

*Thayer,* for the plaintiffs, argued, that the mere furnishing of the supplies, gives no cause of action, unless notice is given within two months. That the cause of action accrues at the time the notice is delivered, and the limitation of two years then begins to run, was expressly decided in a much later case than the last, cited on the other side, and in some degree conflicting with it. *Uxbridge* v. *Seekonk,* 10 *Pick.* 150. The same principle has been decided at an earlier day in our own Court, in *Belmont* v. *Pittston,* 3 *Greenl.* 453, where it was determined that no action could be commenced until after two months from the time of giving the notice.

The opinion of the Court was prepared by

WESTON C. J. — In *Readfield* v. *Dresden,* 12 *Mass. R.* 317, and in *Harwich* v. *Hallowell,* 14 *Mass. R.* 184, it was the opinion of the Court, that one town could not recover of another, expenses for the support of a pauper, having his settlement in the defendant town, which had been incurred more than two years, next before the bringing of the action. The limitation in the statute, both of *Massachusetts* and *Maine,* is two years, after the cause of action has accrued. But in *Uxbridge* v. *Seekonk,* 10 *Pick.* 150, it was held, that the two years began to run from the delivery of the notice.

In this State however, it has been decided expressly, that no action can be maintained by one town against another, for the support of a pauper, until after the lapse of two months from notice given. *Belmont* v. *Pittston,* 3 *Greenl.* 453. Upon this construction, it may be contended, that the liability of a town to refund such an expenditure might be extended indefinitely, by delaying to

give the notice required by the statute. And such might be the result, but for another limitation in the same statute, which precludes a recovery for any expense incurred, more than three months before notice given. The statute clearly gives two years, within which to bring an action, from the time it accrues. This action was brought two months and an half before the expiration of the two years, commencing two months after notice, and as all the expense claimed, was incurred within three months next before notice, no part of it is in our judgment barred by the statute.

*Judgment on the verdict.*